# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BILAL ABDUL WADUD COLLINS,** <br> 6161 Edsall Road, #410 <br> Alexandria, VA 22304 <br><br> **Plaintiff,** <br><br> v. <br><br> **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** <br> 600 Fifth Street NW <br> Washington, DC 20001 <br><br> **Defendant.** | Civ. Action No. _____ <br> **(Jury Trial Demanded)** |

## I.  COMPLAINT AND DEMAND FOR TRIAL BY JURY

The Plaintiff, Bilal Abdul Wadud Collins, by and through undersigned counsel, hereby files suit against the named Defendant for the causes of action stated as follows:

## II.  INTRODUCTION

1. Plaintiff Bilal Abdul Wadud Collins ("Plaintiff" or "Mr. Collins") brings this civil action pursuant to the Americans with Disabilities Act ("ADA"), and Americans with Disabilities Amendments Act ("ADAA") as amended, 42 U.S.C. §§ 12101, *et seq.*, for relief from discrimination based on physical disability (Circadian Rhythm Sleep Disorder) and failure to accommodate the same, resulting in the deterioration of Plaintiff's health and well-being and placing Plaintiff in grave physical danger.

1

### III.   JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the ADA and ADAA, as amended, 42 U.S.C. § 12117. Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and presents a question of federal law. 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

3. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § § 12117(a). Washington Metro Area Transit Authority's principal offices are located in the District of Columbia, and a substantial part of the acts and omissions that give rise to this Complaint occurred within the District of Columbia.

### IV.   PARTIES

4. Mr. Collins is currently domiciled at 6161 Edsall Road, #410, Alexandria, Virginia 22304. At all relevant times, Mr. Collins has been an employee of the Washington Metro Area Transit Authority ("WMATA"). Mr. Collins is a resident of Fairfax County, Virginia, and a United States citizen.

5. Defendant, WMATA, commonly referred to as Metro, is a tri-jurisdictional government agency that operates transit service in the Washington metropolitan area. WMATA's stated mission is "to provide the public with an efficient, affordable and safe means of travel, under the direction of the District's Department of Transportation (Transit Delivery Division)…." and its principal office's address is 600 Fifth Street NW, Washington, DC 20001.

6. Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant; in addition, Defendant is the employer of persons who have committed negligent, discriminatory acts and/or omission

against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## V. EXHAUSTION OF REMEDIES

7. Mr. Collins has exhausted all his administrative remedies.

8. On or about August 3, 2021, Mr. Collins filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC:" Charge No. 570-2021-02084), which included allegations that Defendant had unlawfully discriminated against him and failed to accommodate his physical disability in contravention of the ADA.

9. On February 17, 2022, and again on February 18, 2022, the EEOC issued Mr. Collins a Notice of Right to Sue letter, providing Mr. Collins with 90 days to file a complaint in federal court.

## VI. FACTS

10. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

11. At all relevant times, WMATA employed Plaintiff as a Journeyman Elevator/Escalator (ELES) Technician. At all relevant times, Plaintiff was assigned work out of WMATA's Dupont Circle location in Washington, D.C.

12. Plaintiff is diagnosed with Circadian Rhythm Sleep Disorder (CRSD), a disorder where the body does not properly fall asleep and wake up as it normally should. Many patients have insomnia, fatigue, and other related symptoms.

13. On or about January 15, 2020, Plaintiff requested a reasonable accommodation for his CRSD with supporting medical documentation from his treating physician.

14. In his request, Plaintiff explained that his CRSD "causes an uncontrollable tendency to become disoriented, weak, and sleepy at inconvenient time[s]. This condition is serious and has played a role in 2 documented accidents in the last 1 ½ years."

15. Plaintiff's physician, Dr. Abdul Munim, MD, also noted in his January 2, 2020, letter supporting the requested accommodation that Plaintiff's CRSD "has caused him to have motor vehicle accidents recently."

16. Dr. Munim consequently recommended that Plaintiff "should not work the night shift."

17. Dr. Munim further stated in the WMATA Interactive Process Questionnaire that Plaintiff "might cause harm to himself or others" if required to work a night shift while suffering from his CRSD.

18. In Plaintiff's reasonable accommodation request, he asked to work either day or evening shifts, consistent with Dr. Munim's orders.

19. In or around March, 2020, Plaintiff was allowed to select the evening shift. Defendant did not officially respond to Plaintiff's request for an accommodation, but, because Plaintiff was not assigned to the midnight shift at that time, Defendant's failure to engage in the interactive process did not impact Plaintiff.

20. However, on or about June 2, 2021, Defendant reassigned Plaintiff to the midnight shift.

21. At this point, Defendant stated it could no longer provide Plaintiff's selected schedule because Plaintiff did not have the seniority to work the requested shift.

22. Instead, Defendant told Plaintiff that he could ask colleagues to voluntarily swap shifts with him.

23. Plaintiff asked several colleagues, but none were able to switch schedules.

24. Despite repeated warnings about Plaintiff's safety, Defendant forced him to work the midnight shift.

25. On July 2021, Plaintiff sustained a serious injury on the job, rupturing two discs in his lower back.

26. Plaintiff's injuries were due, at least in part, to Defendant's failure to accommodate his condition and Defendant knowingly putting Plaintiff at risk, contrary to his doctor's orders.

27. At no point did Defendant meaningfully engage in the interactive process. Defendant paid lip service to the process by asking Plaintiff to fill out paperwork with the term "Interactive Process" in the title of the form. But Defendant never actually engaged Plaintiff to see whether or not his request was truly feasible. Rather, Defendant shirked its obligations under the ADA.

28. Plaintiff has had to undergo numerous procedures as he has worked to recovery and a return to work.

29. Plaintiff has sustained significant pain and loss as a result of Defendant's willful and wanton disregard for his disability.

## VII.   CAUSES OF ACTION

**COUNT ONE**
**Americans with Disabilities Act of 1990, as amended,**
**42 U.S.C. § 12101 et seq.**
**(Failure to Accommodate)**

30. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

31. Plaintiff is diagnosed with Circadian Rhythm Sleep Disorder, and as such, is a member of a protected class.

5

32. Plaintiff's medical condition limits major life activities: namely his ability to sleep and wake up normally, and his ability to focus and stay awake when his circadian rhythm is disrupted.

33. Plaintiff informed Defendant of his disability when he requested a reasonable accommodation to his schedule and provided supporting medical documentation for that request.

34. Plaintiff was subjected to materially adverse employment actions, including being denied a Reasonable Accommodation due to his disability. Any reason proffered would not be legitimate, and it would be pretext.

35. Prior to the allegations herein being asserted, Defendant was aware that Plaintiff suffered from a disability.

36. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions of employment due to his disability.

37. Defendant intentionally discriminated against Plaintiff because of his disability.

38. Defendant limited, segregated and classified Plaintiff in a way which deprived him of employment opportunities because of his disability.

39. Upon information and belief, other employees who were similarly situated have received different terms and conditions of employment.

40. By failing to recognize Plaintiff's disability, Defendant acted with malice or with reckless or callous indifference to Plaintiff's condition.

41. Providing Plaintiff with a Reasonable Accommodation by scheduling him on day or evening shifts – the schedule Plaintiff worked in 2020 and part of 2021 – would not have posed any undue hardship on Defendant.

42. Defendant temporarily provided Plaintiff a workable, reasonable accommodation, and then rescinded the accommodation for no legitimate reason.

43. Defendant's failure to provide Plaintiff with the Reasonable Accommodation requested, deprived Plaintiff of the opportunity to be as productive as his similarly situated co-workers without a disability in the same work environment.

44. Due to Defendant's actions, Plaintiff was injured, humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

45. Plaintiff has incurred significant loss, including sustaining injuries, loss of reputation and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages permitted by statute;

b. Award lost wages;

c. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to expunge the adverse action in the Plaintiff's employment file;

f. Order Defendant to institute a policy and procedure to be implemented against discrimination

g. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

h. Supervisory training for the supervisors at issue herein;

    i. Order that Defendant accommodate Plaintiff's condition with the simple scheduling change;

    j. Award equitable, declaratory, and injunctive relief; and

    k. Award such other and further relief as this Honorable Court deems just and proper.

## IX.  EQUITABLE RELIEF

46. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

47. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

48. Because of the safety risk posed by forcing Plaintiff to work a shift that his medical condition cannot tolerate, Plaintiff respectfully asks this Court to order Defendant to schedule him consistent with his doctor's orders and consistent with the reasonable accommodation obligations Defendant has under the ADA.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a. Order the Defendant to institute a policy and procedure to be implemented against discrimination;

    b. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    c. Supervisory training for the supervisors at issue herein; and

    d. Such other and further relief as this Court deems just and proper.

## X.  JURY DEMAND

49. Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

*A Marques Pitre, Esq.*

_____
A. Marques Pitre, Esq.
(DC Bar No. 503119)
PITRE & ASSOCIATES, LLC.
Ronald Reagan Building &
International Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Main Tel. 202-204-3006
Direct Tel. 309-287-1914
Email: Ampitre@ampitreassociates.com

*Counsel for Plaintiff*