UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILAL ABDUL WADUD COLLINS,

    *Plaintiff*,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,

    *Defendant*.

Civil Action No. 1:22-cv-01385 (CJN)

**ORDER**

    Bilal Abdul Wadud Collins sued his employer, the Washington Metropolitan Area Transit Authority ("WMATA"), under Section 504 of the Rehabilitation Act for disability discrimination and failure to accommodate. 29 U.S.C. § 794(a). Collins suffers from a sleep disorder that makes it difficult for him to work night shifts. Am. Compl. ¶¶ 12, 17. Despite his request for an accommodation, WMATA assigned Collins to a midnight shift, and shortly thereafter Collins sustained an injury to his lower back. *Id.* ¶ 25. He attributes the injury to WMATA's alleged failure to accommodate his disability.

    WMATA moves to dismiss on two grounds. First, WMATA argues that Virginia law provides the exclusive remedy for Collins's injury—relief from the Virginia Workers' Compensation Commission—and that Collins has already received an award from the Commission. Second, and related, WMATA contends that this suit is barred by claim preclusion. The Court disagrees on both scores and will thus deny WMATA's motion to dismiss.

    Before considering WMATA's arguments, the Court first addresses jurisdiction. "[W]hen Virginia, Maryland, and the District of Columbia created WMATA, they conferred their sovereign

1

immunity upon it." *Slack v. WMATA*, 353 F. Supp. 3d 1, 7 (D.D.C. 2019).  Accordingly, the Court lacks jurisdiction to enter judgment against WMATA unless its sovereign immunity has been waived.  *Watters v. WMATA*, 295 F.3d 36, 39–40 (D.C. Cir. 2002).  This suit arises under the Rehabilitation Act, and the Court of Appeals has held that "WMATA waived its immunity from suit under the Rehabilitation Act by accepting federal transportation funds."  *Barbour v. WMATA*, 374 F.3d 1161, 1170 (D.C. Cir. 2004); *see also* 42 U.S.C. § 2000d-7 ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973.").  The Court therefore has subject matter jurisdiction in this case.

Turning to WMATA's first argument for dismissal, the rights and remedies conferred by the Virginia Workers' Compensation Act ("VWCA") "exclude all other rights and remedies."  VA Code Ann. § 65.2-307(A).  This statute, like many other workers' compensation laws, "prohibit[s] tort recovery for on-the-job injuries."  *Workagegnehu v. WMATA*, 980 F.3d 874, 875 (D.C. Cir. 2020); *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 273 (4th Cir. 2015) ("An injured employee who is covered by the VWCA is barred from suing his employer in tort for injuries arising out of and in the course of the injured employee's employment." (quotations omitted)).

But this is not a tort suit.  Collins has instead sued WMATA under federal anti-discrimination law.  And while a state statute can preclude a cause of action arising under state law, it cannot deprive a plaintiff of a cause of action afforded by federal law.  *See* U.S. Const., Art. VI; *see also Smith v. Lake City Nursing Home*, 771 F. Supp. 985, 987 (D. Minn. 1991) (observing that "[s]everal courts have held that the exclusive remedy clauses of state workers compensation statutes cannot bar claims under federal civil rights laws" and that "Section 504 of the Rehabilitation Act creates a supplemental remedy for disability discrimination"); *Worthington v.*

*City of New Haven*, Civ. A. No. 3:94-609 (EBB), 1999 WL 958627, at *8 (D. Conn. Oct. 5, 1999) ("A state law making recovery under a worker's compensation statute the exclusive remedy for work-related injuries cannot bar an employee from seeking relief for employment discrimination under the ADA or Section 504 in light of the Supremacy Clause of Article VI of the Constitution.").

WMATA makes no argument to the contrary.  Indeed, the cases that WMATA cites all concern whether the VWCA precludes claims based on *Virginia* tort law (which it plainly does).  *See*, *e.g.*, *Workagegnehu*, 980 F.3d at 875 (assault claim); *Demetres*, 776 F.3d at 272 (personal injury claim); *Miller v. Washington Workplace, Inc.*, 298 F. Supp. 2d 364, 372 (E.D. Va. 2004) (assault, battery, and false imprisonment claims).  But WMATA offers no authority for the proposition that the VWCA (or any other *state* workers' compensation statute) can foreclose a cause of action arising under *federal* law.[1]

As for WMATA's contention that claim preclusion bars this suit, WMATA is correct that Virginia law applies *res judicata* in workers' compensation cases involving the Commission.  *See Brock v. Voith Siemens Hydro Power Generation*, 59 Va. App. 39, 47, 716 S.E. 2d 485, 488 (Va. Ct. App. 2011).  And WMATA is also correct that *res judicata* bars claims that could have been raised in the earlier suit, even if they were not in fact raised.  *See Starbucks Coffee Co. v. Shy*, 61 Va. App. 229, 241, 734 S.E. 2d 683, 689 (Va. Ct. App. 2012).  But the key phrase here is *could have been raised*, for "when the underlying conduct, transaction, or occurrence produces multiple legal claims, not all of which can be asserted at the time of the initial litigation, claim preclusion

---

[1] The Court holds only that the exclusivity provision of the VWCA does not foreclose a cause of action arising under the Rehabilitation Act.  At this stage, the Court takes no position on what types of damages are available in this case.

will not prohibit the previously unmaintainable claims from being raised in subsequent litigation." *D'Ambrosio v. Wolf*, 295 Va. 48, 54, 809 S.E. 2d 625, 628 (Va. 2018).

WMATA points to no authority—and the Court finds none—that would have allowed Collins to assert his Rehabilitation Act claim before the Commission. In fact, the case law implies just the opposite. *Cf. Whetzel v. Waster Mgmt. of Va. Blue Ridge*, No. 0352-99-3, 1999 WL 1133530, at *2 (Va. Ct. App. Aug. 10, 1999) (holding that the Commission has jurisdiction to determine questions arising under the VWCA and therefore "did not have jurisdiction to consider claimant's assertion that he was discriminated against under the ADA"). Because Collins could not have raised his federal claim before the Commission, that claim is not barred by principles of preclusion.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 8, is **DENIED**.

DATE: March 15, 2023

*[signature]*
CARL J. NICHOLS
United States District Judge